**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EDDIE JERALD BROOKS,**

            **Petitioner,**

**-vs-**                                                           **Case No. 6:09-cv-475-Orl-18GJK**

**UNITED STATES OF AMERICA,**

            **Respondent.**
_____

# ORDER

This matter came before the Court without oral argument upon consideration of Petitioner's, Eddie Jerald Brooks ("Petitioner"), Motion to Vacate, Set Aside, or Correct an Illegal Sentence filed pursuant to 28 U.S.C. § 2255 (the "Motion") (Docs. 1 and 2). Respondent, the United States of America (the "Government"), filed a response in opposition to the Motion in compliance with the Court's scheduling order and *The Rules Governing Section 2255 Cases in the United States District Courts* (Doc. 8). Petitioner failed to timely file a reply.

## I. Overview

Petitioner asserts five claims for relief in his Motion. Claim I asserts that Petitioner's trial counsel was ineffective in failing to secure a continuance of his trial date and by otherwise being unprepared for trial. (Doc. 2 at 7). Claim II asserts that Petitioner's counsel was ineffective in failing to present an adequate alibi defense at trial. (Doc. 2 at 7). Claim III asserts that the District Court erred by enhancing Petitioner's advisory guideline sentence based on acquitted conduct. (Doc. 2 at 7). Claim IV asserts that Petitioner's conviction was predicated on evidence seized in

violation of the Fourth Amendment to the U.S. Constitution. (Doc. 2 at 8). Claim V asserts that the District Court erred by failing to sever Petitioner's case from the case of his co-defendant, Petitioner's father. (Doc. 2 at 8).

The Government argues that Claims III and V simply re-characterize prior claims that have already been decided on direct appeal (Doc. 8 at 9-10) and that Claims I, II and IV are procedurally barred. (Doc. 8 at 10). Even assuming, *arguendo*, that Claims I, II and IV are not procedurally barred, the Government contends that the claims are without merit.

For the reasons, *infra*, Petitioner's Motion will be denied. The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

## II. Procedural History

On October 4, 2006, Petitioner was indicted for distributing and possessing with intent to distribute, and conspiring to distribute and possess with intent to distribute, crack cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 846 (Counts One, Four and Seven of the Indictment); and for possessing a firearm in furtherance of those crimes in violation of 18 U.S.C. § 924(c)(1) (Counts Eight and Nine of the Indictment). (CR-Doc. 28-2).[1] Petitioner proceeded to trial and on February 1, 2007 the jury found Petitioner guilty on Counts One, Four and Seven, but not guilty on Counts Eight and Nine. (CR-Doc. 118). On April 23, 2007, the District Court sentenced

---

[1] *See United States v. Brooks*, Case No. 06:06-cr-187-GAP-GJK (M.D. Fla. 2006). References to the docket in Petitioner's criminal case will be cited to as "CR-Doc."

Petitioner to a total term of 151 months of imprisonment,[2] to be followed by five (5) years of supervised released. (CR-Docs. 162, 166 and 172).

Petitioner appealed his conviction to the Eleventh Circuit Court of Appeals, asserting, *inter alia*, that the District Court erred by: (1) enhancing Petitioner's advisory guideline sentence under U.S.S.G. § 2D1.1(b)(1) because the jury acquitted him of the 18 U.S.C. § 924(c)(1) firearm violations alleged in Counts Eight and Nine; and (2) by not severing his case from the case against Petitioner's co-defendant (Petitioner's father). On April 21, 2008, the Eleventh Circuit issued a twenty-one page *per curiam* opinion in which it affirmed Petitioner's conviction and sentence. *See U.S. v. Brooks*, 270 F. App'x 847 (11th Cir. 2008) (unpublished); (CR-Doc. 217).

With respect to Petitioner's sentencing enhancement, the Eleventh Circuit observed: "Relevant conduct of which a defendant was acquitted . . . may be taken into account in sentencing for the offense of conviction, as long as the government proves the acquitted conduct relied upon by a preponderance of the evidence." *Brooks*, 270 F. App'x at 855 (quoting *U.S. v. Barakat*, 130 F.3d 1448, 1452 (11th Cir. 1997)). Because the Government met its burden of showing by a preponderance of the evidence that Petitioner possessed a firearm in furtherance of Counts One and Seven, and Petitioner failed to meet his burden in rebuttal, the Eleventh Circuit found that the District Court did not clearly err in applying the § 2D1.1(b)(1) enhancement. *Id*.

With respect to the failure to sever Petitioner's case, the Eleventh Circuit found that Petitioner failed to demonstrate compelling prejudice and that he received an unfair trial. *Id*. at

---

[2]On May 20, 2008, Petitioner was re-sentenced pursuant to 18 U.S.C. § 3582(c)(2) and Amendments 706 and 711 to the United States Sentencing Guidelines, and his term of imprisonment was reduced to 121 months. (CR-Doc. 228).

-3-

849. Accordingly, the Eleventh Circuit held that the District Court did not abuse its discretion by denying Petitioner's or his co-defendant's motions to sever. *Id*.

On March 16, 2009, Petitioner filed the instant Motion for habeas relief.[3]

### III. Analysis

#### A. Claims Previously Resolved on Direct Appeal – Claims III and V

In Claim III, Petitioner asserts that the District Court erred by enhancing Petitioner's advisory guideline sentence based on acquitted conduct. In Claim V, Petitioner asserts that the District Court erred by failing to sever his case from the case of his co-defendant, Petitioner's father.

Absent new facts or a change in law, a district court is not required to consider claims in a § 2255 motion that were previously raised and disposed of on direct appeal. *See*, *e.g.*, *U.S. v. Rowan*, 663 F.2d 1034, 1035 (11th Cir. 1981); *see also U.S. v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) ("Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255") (citations and quotations omitted).

As noted, *supra*, the Eleventh Circuit found on direct appeal that the District Court did not clearly err by enhancing Petitioner's advisory guideline sentence under U.S.S.G. § 2D1.1(b)(1). Furthermore, the Eleventh Circuit held that the District Court did not abuse its discretion by denying Petitioner's or his co-defendant's motions to sever.

Upon careful review, the Court concludes that Claim V is identical to the claim Petitioner previously raised on direct appeal and therefore does not warrant further consideration. With

---

[3]The Government concedes that Petitioner's Motion is timely (Doc. 8 at 9, citing *Clay v. U.S.*, 537 U.S. 522, 527 (2003) and *Kaufmann v. U.S.*, 282 F.3d 1336, 1338 (11th Cir. 2002)).

-4-

respect to Claim III, however, the Government appears to overlook that Petitioner's Motion asserts that the District Court violated his Sixth Amendment right to have a jury determine all facts essential to his sentence (Doc. 2 at 13-14) – not that the District Court's application of U.S.S.G. § 2D1.1(b)(1) amounted to clear error. The Eleventh Circuit did not address a Sixth Amendment challenge (or, for that matter, any constitutional challenge) to the District Court's application of U.S.S.G. § 2D1.1(b)(1) in its April 21, 2008 opinion.

Even assuming, however, that Claim III is not identical to the claim previously raised on direct appeal,[4] Claim III is still without merit. Acquitted conduct may be considered in sentencing if the conduct is found by a preponderance of the evidence.[5] *See*, *e.g.*, *Watts v. U.S.*, 519 U.S. 148 (1997) (jury verdict that acquitted defendant of using or carrying a firearm in violation of 18 U.S.C. § 924(c) during or in relation to a drug offense under 21 U.S.C. § 841(a)(1) did not preclude a finding that the defendant did, in fact, use or carry such a weapon for purposes of applying sentencing enhancement in U.S.S.G. § 2D1.1(b)(1)); *see also* 18 U.S.C. § 3661 ("No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence"). Indeed, notwithstanding *U.S. v. Booker*, 543

---

[4] It is not entirely clear, for instance, whether Petitioner articulated a Sixth Amendment challenge to the District Court's sentencing enhancement in his direct appeal. Petitioner's Motion, however, clearly raises such a challenge (Doc. 2 at 13-14).

[5] The Eleventh Circuit specifically found on direct appeal that the Government had met its burden of showing, by a preponderance of the evidence, that there was "a sufficient nexus between the loaded firearm and the February 3, 2006 drug transaction," and that Petitioner's conduct with regard to the firearm found in his possession was relevant for purposes of sentencing. *Brooks*, 270 F. App'x at 8; (CR-Doc. 217 at 19-20).

U.S. 220 (2005), sentencing courts routinely consider acquitted conduct for purposes of calculating a defendant's advisory guideline sentence and the use of such conduct does not violate the Sixth Amendment. *See, e.g., U.S. v. Ashqar*, 456 F.3d 1342, 1347 (7th Cir. April 7, 2009); *see also U.S. v. Duncan*, 400 F.3d 1297, 1304-1305 (11th Cir. 2005) (holding that *Watts* survived *Booker*); *but see*, *e.g.*, *U.S. v. Faust*, 456 F.3d 1342, 1349-50 (11th Cir. 2006) (Barkett, J., specially concurring); *U.S. v. Pimental*, 367 F. Supp. 2d 143 (D. Mass. 2005) (Gertner, J.) (finding that *Booker* substantially undermined *Watts* and refusing to consider acquitted conduct for purposes of sentencing).

Accordingly, the Court declines to review Count V as an issue previously litigated on direct appeal and concludes that Claim III is without merit.

### B. Procedurally Barred Claims – Claims I, II, and IV

In Claim I, Petitioner asserts that his trial counsel was ineffective in failing to secure a continuance of his trial date and by otherwise being unprepared for trial. Claim II asserts that Petitioner's counsel was ineffective in failing to present an alibi defense at trial. Claim IV asserts that Petitioner's conviction was predicated on evidence seized in violation of the Fourth Amendment of the U.S. Constitution.

"[A] defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding. This rule generally applies to all claims, including constitutional claims." *Lynn v. United States*, 365 F.3d 1225, 1234 (11th Cir. 2004) (citations omitted); *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994). This procedural bar can be avoided by demonstrating that: (a) cause and prejudice exist for the failure to raise the claim on direct appeal; or (b) "a constitutional

-6-

violation has probably resulted in the conviction of one who is actually innocent," *Mills*, 36 F.3d at 1055. Petitioner must show "some external impediment preventing counsel from constructing or raising the claim" in order to show cause for not raising the claim in an earlier petition. *High v. High*, 209 F.3d 1257, 1262 (11th Cir. 2000) (*quoting McCleskey v. Zant*, 499 U.S. 467, 497 (1991)). Constitutionally ineffective assistance of counsel may constitute cause. *Fortenberry v. Haley*, 297 F.3d 1213, 1222 (11th Cir. 2002) (citation omitted). However, a petitioner must still fully allege and prove deficient performance under *Strickland v. Washington*, 466 U.S. 668 (1984).

Petitioner failed to raise Claims I, II, and IV on direct appeal and does not assert any external impediment that prevented his appellate counsel, Thomas H. Dale, Esq., from doing so. Petitioner simply maintains that he left his appeal strategy to his appellate attorney.[6] (Doc. 1 at 7). Petitioner may avoid this procedural bar only if he can prove, by clear and convincing evidence, that "a constitutional violation has probably resulted in the conviction of one who actually innocent." *Mills*, 36 F.3d at 1055. Actual innocence is established through the demonstration that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Bousley v. United States,* 523 U.S. 614, 623 (1998) (internal quotations and citation omitted). If Petitioner can satisfy this burden of actual innocence, then the Court is permitted to undertake a collateral review of the merits of his claim despite his procedural default.

---

[6]Petitioner's ineffective assistance of counsel claims pertain only to this trial counsel; furthermore, Petitioner does not contend that his appellate counsel was ineffective for failing to assert that his trial defense counsel was ineffective. Therefore, no external impediment is alleged.

*Id.* at 624. In the instant case however, Petitioner neglects to even allege actual innocence.[7] Accordingly, Claims I, II, and IV are procedurally barred.

### C. Procedurally Barred Ineffective Assistance of Counsel Claims – Claims I and II

Even assuming, *arguendo*, that Petitioner's ineffective assistance of counsel claims were not procedurally barred, under *Strickland*, Claims I and II are without merit.

In *Strickland*, the United States Supreme Court established a two part test for determining whether a convicted person is entitled to relief on the ground that his counsel rendered ineffective assistance: (1) whether counsel's performance was deficient and fell below an objective standard of reasonableness; and (2) whether the deficient performance prejudiced the defense.[8] *Id.* at 687-88. A court must adhere to a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Id.* at 689-90. "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690; *Gates v. Zant*, 863 F.2d 1492, 1497 (11th Cir.), *cert. denied*, 493 U.S. 945 (1989).

As observed by the Eleventh Circuit Court of Appeals, the test for ineffective assistance of counsel

---

[7]Petitioner does appear to contend, however, that he had an alibi for his whereabouts on January 13, 2006 and, as a result, was not present for the undercover drug buy which resulted in the jury's guilty verdict. Even if this Court were to credit Petitioner's supposed alibi, which it does not, the remaining evidence against Petitioner is substantial and unrebutted, including the testimony and recorded conversations of his co-conspirator, Jasper Riles, and confidential informant John Lloyd.

[8]In *Lockhart v. Fretwell*, the Supreme Court clarified that the prejudice prong of the test does not focus solely on mere outcome determination; rather, to establish prejudice, a criminal defendant must show that counsel's deficient representation rendered the result of the trial fundamentally unfair or unreliable. 506 U.S. 364, 372 (1993).

> has nothing to do with what the best lawyers would have done. Nor is the test even what most good lawyers would have done. We ask only whether some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel acted at trial. Courts also should at the start presume effectiveness and should always avoid second guessing with the benefit of hindsight. *Strickland* encourages reviewing courts to allow lawyers broad discretion to represent their clients by pursuing their own strategy. We are not interested in grading lawyers' performances; we are interested in whether the adversarial process at trial, in fact, worked adequately.

*White v. Singletary*, 972 F.2d 1218, 1220-21 (11th Cir. 1992) (citation omitted). "Court's must 'indulge [the] strong presumption' that counsel's performance was reasonable and counsel made 'all significant decisions in the exercise of reasonable professional judgment.' *Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir 2000) (quoting *Strickland*, 466 U.S. at 690). Counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken "might be considered sound trial strategy." *Chandler*, 218 F.3d at 1314 (*quoting Darden v. Wainwright*, 477 U.S. 168 (1986)).

*Claim I*

Petitioner asserts that his trial counsel, Jeffrey A. Glass, Esq., was ineffective by failing to request a continuance after his substitution as defense counsel four days prior to the start of trial. (CR-Doc. 94).[9] At his first appearance as Petitioner's counsel on January 25, 2007,[10] however,

---

[9] Glass made his first formal appearance as Petitioner's defense attorney on January 25, 2007, (CR-Doc. 93), and trial began on January 29, 2007. (CR-Doc. 100). However, Glass' representation began as early as October 2006, after he first began communication with Petitioner, and continued as Glass gathered facts and accepted fees between December 8, 2006 and January 18, 2007. (Doc. 8-1 at 1-2, ¶¶ 2a.-h.)

[10] Glass attests that part of Petitioner's initial fee agreement entered into on December 28, 2006 included the understanding that Glass would start preparing the case but would not enter a formal appearance until the final payment, or guarantee of payment, was paid. (Doc. 8-2 at 2).

Glass acknowledged to the Court that he had been working on the case; that he had received a copy of all discovery to date; and that he was otherwise prepared for trial. (CR-Doc. 94); (Doc. 8-1 at 2, ¶ 2.i). Indeed, Glass' performance at trial did not suggest that he was unprepared for trial or that a a continuance was warranted.

Upon review, the Court concludes that Glass was prepared for the trial and that his decision not to request a continuance – which would have been unnecessary – was, at most, strategic. Accordingly, Petitioner would not be entitled to relief on Claim I even if same were not procedurally barred.

*Claim II*

Petitioner asserts that his trial counsel was ineffective in failing to exercise Petitioner's Sixth Amendment right to compel witnesses in his defense. Specifically, Petitioner claims he had a viable alibi defense, including evidence and witnesses, which Glass failed to present at trial. (Doc. 2 at 11). Glass, however, swears that he met with Gloria Staples – Petitioner's girlfriend and putative alibi witness – on multiple occasions and that he concluded she would not make a good witness. (Doc. 8-2 at 3, ¶ 2.j). Glass further attests that he discussed these details at length with Petitioner and it was agreed that the proposed alibi and related evidence should not be presented at trial. *Id.*

Upon review, the Court concludes that Glass made a reasonable investigation into Petitioner's potential alibi defense through numerous interviews, reviews of the relevant evidence, and discussions with Petitioner. Glass's decision to withhold the evidence at trial for credibility reasons was made after a through investigation and in consideration of an overall trial strategy. *See, e.g., Pace v. McNeil*, 556 F.3d 1211 (11th Cir. 2009) ("Strategic choices made after thorough

investigation of law and facts relevant to possible options are virtually unchangeable . . . Courts conduct a highly deferential review of counsel's performance and indulge the strong presumption that counsel's performance was reasonable") (citations omitted). Accordingly, Petitioner would not be entitled to relief on Claim II even if same were not procedurally barred.

### D. Procedurally Barred Unconstitutional Search and Seizure Claim – Claim IV

Assuming that Petitioner's unconstitutional search seizure claim was not procedurally barred, the Court has carefully reviewed Claim IV and found it to be wholly without merit. The residence of Petitioner's father was searched pursuant to a valid warrant issued on February 3, 2006, and the search of Petitioner himself – which revealed marked cash from a controlled buy and a firearm – was incident to Petitioner's arrest. (CR-Doc. 198 at 465-67). Accordingly, Petitioner would not be entitled to relief on Claim IV even if same were not procedurally barred.

## IV. Conclusion

For the foregoing reasons it is hereby **ORDERED** and **ADJUDGED** that:

1. The Motion to Vacate, Set Aside, or Correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. 1) filed by Eddie Jerald Brooks is **DENIED**;

2. This case is **DISMISSED** with prejudice;

3. The Clerk of the Court is directed to enter judgment accordingly and close the file; and

4. The Clerk of the Court is directed to file a certified copy of this Order and judgment in criminal case number 6:06-cr-187-GAP-GJK (M.D. Fla. 2007) and to terminate the pending motion at Doc. 232.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 8, 2010.

Copies furnished to:

Counsel of Record
Unrepresented Party

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE